IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TERRENCE ARTHUR GREEN, #325034 | * | |
| Petitioner, | * | |
| v. | * | CIVIL ACTION NO. RWT-13-413 |
| WARDEN JOHN S. WOLFE, *et al.*, | * | |
| Respondents. | * | |
| | ***** | |

## MEMORANDUM OPINION

Petitioner Terrence Arthur Green (hereinafter referred to as "Green") seeks habeas corpus relief pursuant to 28 U.S.C. § 2254, attacking the constitutionality of his 2005 convictions in the Circuit Court for Montgomery County. ECF No. 1. Respondents filed a Limited Answer claiming that the Petition is subject to dismissal for the failure to exhaust available state court remedies. They argue that Green still has available state court remedies because he may move to reopen post-conviction proceedings. ECF No. 13. Green was given the opportunity to respond to Respondents' arguments (ECF No. 14) and has done so. ECF Nos. 30, 37 and 38.

This matter has been fully briefed. Upon review, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2014). For the reasons that follow, Green's Petition for writ of habeas corpus IS DISMISSED WITHOUT PREJUDICE.

### Background and Procedural History

By indictment filed on September 11, 2003, Green was charged with attempted first-degree murder, attempted second-degree murder, first-degree assault, use of a handgun in the commission of a crime of violence or felony, disarming a police officer, attempted robbery,

and conspiracy to commit robbery.  ECF No. 13, Ex. 1.  The charges arose from a night-time incident occurring on August 12, 2003, when Green shot a Montgomery County Police Officer in the neck during a traffic stop.  ECF No. 13, Exs. 2 and 4.

On September 13, 2004, the jury found Green guilty of attempted first-degree murder and use of a handgun in the commission of a crime of violence.  *Id*., Ex. 4 at 2.  On January 6, 2005, Green was sentenced to life in prison, plus 20 years.  *Id*., Ex. 1 at 46.

Green filed a counseled direct appeal to the Court of Special Appeals of Maryland alleging that (1) the trial court incorrectly excluded the testimony of Green's expert, Dr. Susan Fiester, a psychiatrist; (2) the trial court abused its discretion in allowing the State to present evidence that one of the co-occupants in the automobile, Fadi Kadamani, had told police that the purpose for the trip to Silver Spring, Maryland on the night of the incident was to buy marijuana; (3) the trial court erred in allowing a State's witness, Detective Corporal Joan Buchan, to testify as to Green's silence in response to police questioning; and (4) the trial court erred in denying Green's motion for mistrial.  ECF No. 13, Exs. 2-3.  On October 23, 2007, the Court of Special Appeals affirmed Green's convictions.  *Id*., Ex. 4.  Green's subsequent filing, treated as a petition for writ of certiorari by the Court of Appeals of Maryland, was denied on June 13, 2008.  *Id*., Exs. 5 and 6.  Green did not seek further review in the U.S. Supreme Court.

On July 22, 2009, Green filed a petition for post-conviction relief in the Circuit Court for Montgomery County.  *Id*., Ex. 7.  As supplemented, argued, and construed, Green raised the following post-conviction grounds:   (A) counsel provided ineffective assistance by (i) proceeding with a mens rea defense (the wrong defense) and not advocating in Green's "best interest" by exploring other options; (ii) not filing a motion for change of venue; (iii) not including  pertinent evidence that would have aided the challenge to Green's initial arrest and the

probable cause determination; (iv) not challenging the victim's description of his assailant as it related to Green; (v) not sufficiently challenging the admissibility of Green's statements given the length of time taken to present Green to a magistrate; (vi) not sufficiently objecting to the "prolific nature" of the State's "controversial evidence;" (vii) not attempting to suppress the testimony of Daniel Biddy; (viii) not attempting "to give Fadi Kadamani a credibility test of voluntariness to dispute the fact that Kadamani may have been the shooter;" (ix) not properly questioning the victim Kyle Olinger about the "chain of events;" and (x) not moving to have the trial judge recused; and (B) the denial of due process of law "embedded within the Fifth Amendment…" because of the trial judge's refusal to recuse himself. *Id*., Exs. 7-9.

A hearing on Green's petition was held on September 21, 2011. ECF No. 13, Ex. 9. On October 28, 2011, Circuit Court Judge Michael D. Mason denied post-conviction relief. *Id*., Ex. 9. Green's application for leave to appeal the ruling was denied by the Court of Special Appeals on November 13, 2012, with the court's mandate issuing on December 17, 2012. *Id*., Exs. 10 and 11.

Green's Petition for federal habeas corpus relief, when generously construed, raises the following grounds: (A) his confinement is unconstitutional because his convictions were based on illegally obtained evidence; (B) the evidence presented at trial was insufficient to sustain his convictions; and (C) there was no probable cause to arrest him.[1] ECF No. 1 at 9-10.

---

[1] In addition, Green seemingly complains about his inability to obtain a complete copy of his trial transcript for purposes of filing a state court petition on collateral review. He therefore claims that he filed an "insufficient" post-conviction application. ECF No. 1 at 8.

3

**Exhaustion of State Remedies**

Respondents contend that Green's second and third claims are unexhausted and that his first claim is exhausted "only to the extent it is intended to reassert a claim previously raised in state court."  ECF No. 13 at 12.  Green does not seek to withdraw his unexhausted claims.[2] Rather, he discusses the limitations of his ability to litigate his claims in state court in light of his self-represented status, the apparent failure of counsel to follow the "course of direction" Green wished to take in his criminal case review, and his inability to obtain complete transcripts; his need to file pleadings within the one-year time constraints; and the ineffectiveness of his counsel. ECF No. 37 at 2-13.  In his Supplemental Reply, Green discusses the length of his confinement, the limit of his education, and his lack of access to legal materials.  ECF No. 38.  He further asserts his innocence and argues that his confinement is fundamentally unfair.  *Id.*

State exhaustion "'is rooted in considerations of federal-state comity'…and Congress' determination…that exhaustion of adequate state remedies will 'best serve the policies of federalism.'"  *Slavek v. Hinkle,* 359 F.Supp.2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez,* 411 U.S. 475, 491–92 & n.10 (1973)). The purpose of the exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor,* 404 U.S. 270, 275 (1971) (internal quotation marks omitted).

Exhaustion involves two aspects.  First, a petitioner "must exhaust all available state remedies before he can apply for federal habeas relief."  *Breard v. Pruett,* 134 F.3d 615, 619 (4th Cir. 1998).  Under this aspect of exhaustion, a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the

---

[2] In his first reply, Green attaches exhibits which seemingly focus on the delays associated with his attempts to obtain his trial and sentencing transcripts for purposes of direct appeal and collateral review; the effect of the delays on the scheduling and preparation of his appellate brief and post-conviction petition and the arguments raised by counsel; and his attempts to obtain copies of his post-conviction transcripts.  ECF No. 30.

law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).  Lack of exhaustion precludes federal habeas relief.  *See* 28 U.S.C. § 2254(b)(1)(A).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate opportunity to address the precise constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese,* 541 U.S. 27, 29 (2004) (internal quotation marks omitted).

The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim.  *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999).  Exhaustion requires petitioner "do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick."  *Martens v. Shannon,* 836 F.2d 715, 717 (1st Cir. 1988).  The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights.  *See Preiser v. Rodriguez,* 411 U.S. 475, 490 (1973).

An examination of the claims raised by Green in the instant habeas petition reveals that none have been presented to the state court.  Accordingly, all claims are unexhausted, the State has not waived the defense, and Green has failed to articulate special circumstances which would excuse exhaustion.  The Petition shall be dismissed without prejudice to give Green the

opportunity to exhaust his claims in state court by seeking to reopen his post-conviction proceedings under Md. Code Ann., Crim. Proc. Art., § 7-104.[3]

## Conclusion

The instant Petition for habeas corpus relief will be dismissed without prejudice by separate Order. When a district court dismisses a habeas petition, a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003). In this case, the legal standard for the issuance of a certificate of appealability has not been met. The Court declines to issue a Certificate of Appealability.

Date: May 28, 2015                                    /s/
                                    ROGER W. TITUS
                                    UNITED STATES DISTRICT JUDGE

---

[3] Md. Code Ann., Crim. Proc. Art., § 7-104. States that the [circuit] court may reopen a post-conviction petition that was previously concluded if the court determines that the action is in the interests of justice.